IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ADAM CRUZ #2298043 | § | |
| | § | |
| V. | § | A-19-CV-1254-LY |
| | § | |
| STATE OF TEXAS, TRAVIS | § | |
| COUNTY CORRECTIONAL | § | |
| COMPLEX, TCCC MEDICAL, and | § | |
| BLACKWELL-THURMAN CRIMINAL | § | |
| JUSTICE CENTER | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

Before the Court is Plaintiff's amended complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis. After consideration of Plaintiff's amended complaint, the Court recommends that it be dismissed as frivolous.

## STATEMENT OF THE CASE

At the time he filed his original complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Travis County Correctional Complex. On December 4, 2019, Plaintiff was convicted of Assault with Bodily Injury - Family Violence. He was sentenced to two years and six months in prison. Plaintiff was subsequently transferred to the Boyd Unit of the Texas Department of Criminal Justice - Correctional Institutions Division.

After consideration of Plaintiff's original complaint, the Court advised Plaintiff the defendants he named were either entities not capable of being sued or were protected by Eleventh Amendment immunity. The Court instructed Plaintiff to file an amended complaint.

In his amended complaint Plaintiff alleges he was involved in an accident on May 15, 2019, and was arrested shortly thereafter. As a result of the accident, Plaintiff injured his left leg. According to Plaintiff, doctors at the South Austin Emergency Room informed him he needed major surgery. Plaintiff asserts he informed the medical department at the Travis County Correctional Complex about his medical need. Plaintiff complains over 100 days passed before he received medical treatment. Plaintiff further complains his therapy after surgery was inadequate. Plaintiff contends the delay in medical treatment violated his due process rights.

Plaintiff also claims he was denied "access to the courts" for the first months of his incarceration. Recently, the Court has received numerous complaints from Travis County inmates complaining they were denied "access to the courts" because they were not allowed inside a Travis County courtroom for their criminal proceedings for several months during their pretrial detention. Plaintiff claims this denial violated his right to due process and equal protection.

For his final claim Plaintiff alleges his sentencing was unconstitutional. He contends his criminal charges should have been dismissed.

Plaintiff sues the same defendants as he named in his original complaint – the State of Texas, the Travis County Correctional Complex, the TCCC Medical Department, and the Blackwell-Thurman Criminal Justice Center. In his amended complaint Plaintiff does not specify the relief he seeks. In his original complaint Plaintiff generally requested "injunctive relief."

DISCUSSION AND ANALYSIS

A. <u>Standard Under 28 U.S.C. § 1915(e)</u>

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

B. <u>Entities Not Capable of Being Sued</u>

The Travis County Correctional Complex, the TCCC Medical Department, and the Blackwell-Thurman Criminal Justice Center, are not entities capable of being sued. *See Guidry v. Jefferson County Detention Center*, 868 F. Supp. 189, 191 (E.D. Tex. 1994) (holding that the

Jefferson County Detention Center is not a legal entity subject to suit); *Darby v. Pasadena Police Dep't*, 939 F.2d 311 (5th Cir. 1991) (holding that police and sheriff's departments are governmental subdivisions without capacity for independent legal action).

C. Eleventh Amendment Immunity

The State of Texas is immune from suit. The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states. *Port Auth. Trans–Hudson v. Feeney*, 495 U.S. 299, 304 (1990). Additionally, the Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity because such an indirect pleading remains in essence a claim upon the state treasury. *Green v. State Bar of Texas*, 27 F.3d 1083, 1087 (5th Cir. 1994).

D. Heck v. Humphrey

Insofar as Plaintiff is seeking monetary damages with regard to his conviction and sentence, Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) and the Fifth Circuit's application of *Heck* to state prisoner § 1983 lawsuits in *Boyd v. Biggers*, 31 F.3d 279 (5th Cir. 1994). In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

In this case Plaintiff does not allege that his conviction has been reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of habeas corpus. Plaintiff's recitation of the procedural history in this case indicates just the opposite. Accordingly, any claims for

4

monetary damages regarding his alleged illegal confinement must be dismissed without prejudice to refile once the conditions of *Heck* are met. Plaintiff should be allowed to refile only upon a showing that his conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87.

E. <u>Habeas Claims</u>

To the extent Plaintiff seeks an immediate release, he must seek such relief in an application for habeas corpus relief after he has exhausted his state court remedies. The exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is habeas corpus relief. *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973). Plaintiff makes no allegations suggesting he has exhausted his state court remedies.

## CONCLUSION

Plaintiff's civil rights claims are frivolous as he has sued entities not capable of being sued and the State of Texas, which is protected by Eleventh Amendment immunity. To the extent Plaintiff seeks monetary relief regarding his criminal conviction and sentence, his claims are barred by *Heck*. To the extent Plaintiff seeks an immediate release, he must pursue his claims in an application for habeas corpus relief after Plaintiff has exhausted his state court remedies.

## RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in

5

(a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the keeper of the three-strikes list.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest

injustice. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*); *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-277 (5th Cir. 1988).

**SIGNED** on April 1, 2020.

```
_____
MARK  LANE
UNITED STATES MAGISTRATE JUDGE
```